**Jermaine R. DIAS, Germaine Dias, Jermaine Ricardo Dias, Jermaine R. Diaz, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73051.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2011.

Filed Sept. 23, 2011.

Andrew Lee Westover, Esquire, Law Firm of J. Hector Moreno Jr. & Associates, Campbell, CA, for Petitioner.

Jermaine R. Dias, Eloy, AZ, pro se.

Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Gladys Marta Steffens Guzman, Esquire, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, AZP–District Director, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BERZON and BYBEE, Circuit Judges, and WHELAN, Senior District Judge.*

* The Honorable Thomas J. Whelan, Senior District Judge for the U.S. District Court for the

## MEMORANDUM **

Jermaine Dias petitions for review of the BIA's dismissal of his appeal of an IJ's decision. The BIA affirmed the IJ's finding that Dias was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, based on his conviction for criminal sale of marijuana in the fourth degree in violation of New York Penal Law § 221.40.[1]

As the BIA affirmed the order of removal only on the ground that the § 221.40 conviction was a conviction for an aggravated felony, whether that is so is the only issue properly before us. *See Gonzales v. Thomas*, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). Under the categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), which we use to determine whether the crime of conviction qualifies as an generic aggravated felony, *Hernandez–Cruz v. Holder*, 651 F.3d 1094, 1100–01 (9th Cir.2011), criminal sale of marijuana in the fourth degree does not constitute an aggravated felony. There are two possible routes through which a state drug crime can qualify as a generic drug trafficking felony: The crime can either contain a "trafficking element" because it involves "some sort of commercial dealing," *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir.2008) (quoting *Lopez v. Gonzales*, 549 U.S. 47, 53, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (internal quotation marks omitted)), or entail conduct that "would be punishable as a felony under federal drug laws," *id.*

Conduct that violates § 221.40 does not necessarily involve "some sort of commercial dealing," *id.*, because a person can violate the statute by simply giving away marijuana without consideration. *See* N.Y. Penal Law § 221.40; *id.* § 220.00(1); *People v. Starling*, 85 N.Y.2d 509, 626 N.Y.S.2d 729, 650 N.E.2d 387, 390 (1995). A conviction under § 221.40 does not, therefore, categorically contain a "trafficking element," *Rendon*, 520 F.3d at 974 (quoting *Salviejo–Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir.2006)) (internal quotation marks omitted).

Nor is conduct that violates § 221.40 necessarily punishable as a felony under the federal drug laws. An individual could be convicted under the statute for giving away as few as two marijuana cigarettes or a quantity of marijuana barely exceeding two grams. *See* N.Y. Penal Law §§ 221.40, 221.35. Under federal law, such conduct would be punishable as a misdemeanor rather than as a felony. *See* 21 U.S.C. §§ 841(b)(4), 844(a); *Lopez*, 549 U.S. at 53, 127 S.Ct. 625. Accordingly, a conviction under § 221.40 is not a "categorical match," *Hernandez–Cruz v. Holder*, 651 F.3d 1094, 1100–01 (9th Cir.2011), for generic drug trafficking under either of the routes established in *Rendon*.

We **GRANT** Dias's petition for review and **REMAND** to the BIA to: (1) apply the modified categorical approach to determine whether Dias's § 221.40 conviction qualifies as an aggravated felony, thus rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii); (2) determine whether Dias is removable on any other ground; or

---

District of Southern California, San Diego, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA declined to reach the IJ's additional holding that Dias's conviction for rape in the third degree, in violation of New York

Penal Law § 130.25, also constituted an aggravated felony. Because "[o]ur review is limited to the BIA's decision," *Toro–Romero v. Ashcroft*, 382 F.3d 930, 934 (9th Cir.2004), we do not address this issue either. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

(3) if necessary (e.g., if Dias's § 221.40 conviction turns out not to qualify as an aggravated felony), conduct both inquiries.